J-A20016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBERT TOMASKO, IND. D/B/A DEVLINS' IRISH PUB, 450 FIRST ST., INC. TENS, INC., BOBBY T'S CIGAR BAR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 2881 EDA 2023 |
| CITRIN, COOPERMAN AND COMPANY, LLP, YAMPOLSKY MANDELOFF SILVER & RYAN PC, YAMPOLSKY MANDELOFF & RYAN PC | : : : : | |

Appeal from the Order Entered October 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220201441

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 18, 2024**

Appellant, Robert Tomasko, individually and as assignee of Devlins' Irish Pub, 450 First Street, Inc., Tens, Inc., and Bobby T's Cigar Bar, Inc., appeals from the October 17, 2023 Order entered in the Philadelphia County Court of Common Pleas granting judgment in favor of Appellees and denying Appellant's Motion for Post-Trial Relief. After careful review, we affirm.

The relevant facts and procedural history are as follows. In 2013, the parties to the instant appeal entered into a settlement agreement ("Agreement") in a case where Appellant had alleged that Appellee Ryan, an accountant and part-owner of the same businesses, improperly performed his

duties as an accountant resulting in Appellant being denied monies due to him from the businesses. The Agreement required that the parties hire an independent accountant to perform a full accounting of 11 businesses over "a number of years," and determine who owed money to whom. The parties agreed to be bound "by the findings of the independent accountant and all moneys owed by the plaintiffs to the defendants or the defendants to the plaintiffs as determined by the independent accountant." Agreement, 4/3/13, at 1.

On November 1, 2021, the independent accountant submitted a two-page report ("Report") concluding that Appellant was underpaid $139,568 and Appellee Ryan was underpaid $34,390. The Report did not clearly state who was responsible for the underpayments.[1] The Report did conclude that four entities that were not parties to the settlement agreement or the instant appeal received overpayments on loans equal to the amounts that Appellant and Appellee Ryan were underpaid.

On February 14, 2022, Appellant filed a complaint alleging that Appellees had breached the Agreement by refusing to pay Appellant the $139,568 he was allegedly underpaid according to the Report.

_____

[1] We note that the Report includes several other irregularities. The document addresses only two businesses, Fluke's Irish Pub and 101 Olde New Jersey Ave., and covers only the years 2002 through 2004. The document does not indicate who wrote it and when, and references six exhibits that were never provided to the trial court.

On September 7, 2023, the case proceeded to a bench trial and the court found in favor of Appellees. The court concluded that the Report did not support Appellant's claims by a preponderance of the evidence because it did not appear complete and failed to specify which parties were responsible for Appellant's underpayment. Additionally, none of the defendants bound by the Agreement were mentioned in the Report, except for Appellee Ryan who was underpaid $34,390. The court also noted that Appellant did not petition the court to clarify the Report prior to filing the lawsuit.

On September 17, 2023, Plaintiff filed a Post-Trial Motion seeking a new trial, and subsequently re-filed it with a brief and exhibits on October 13, 2023. On October 17, 2023, the court denied the original and re-filed motions.

This appeal followed. The parties and trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the lower court err in denying plaintiff's motion for post-trial relief and entering judgment [in] favor of defendants when the court failed to apply settled principles of contract law and ignored the well settled doctrine that settlement agreements are a highly favored judicial tool?

2. Did the lower court err in denying plaintiff's motion for post-trial relief and entering judgment [in] favor of defendants where the facts showed the parties entered into a settlement agreement that was made an order of the court, the named defendants were parties to the agreement and the agreed upon independent accountant's report stated what the parties to the agreement and order owed plaintiff?

Appellant's Br. at 4.

This appeal arises from a verdict in favor of Appellees following a non-jury trial. When reviewing a trial court's decision after a nonjury trial, our standard of review is well-established. "We may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact finder, the judge has the authority to weight the testimony of each party's witnesses and to decide which are most credible." *Parker Oil Co. v. Mico Petro and Heating Oil, LLC*, 979 A.2d 854, 856 (Pa. Super. 2009) (citation and brackets omitted). The trial judge's findings must be given the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. *Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner." *Id.* (citation omitted)

The instant dispute involves the interpretation of the terms of a settlement agreement. "Because contract interpretation is a question of law, this court is not bound by the trial court's interpretation." *Ragnar Benson Inc. v. Hempfield Twp. Mun. Auth.*, 916 A.2d 1183, 1188 (Pa. Super. 2007) (citation omitted). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision." *Id.* (citation and brackets omitted).

Our Supreme Court has explained that "[t]he fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." *Insurance Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468 (Pa. 2006). "When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." *Id.* "A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* at 468-69.

Appellant asserts that the trial court erred in interpreting the Agreement to conclude that Appellees did not owe money to Appellant. Appellant's Br. at 14. In particular, Appellant argues that since the term "defendants" is defined in the preamble of the Agreement to include Appellees, it is irrelevant that the Report did not make any conclusions as to which parties were specifically responsible for Appellant's underpayment. *Id.* at 15. Appellant argues in the alternative that the Agreement was ambiguous as to whether the Report was required to name a particular defendant responsible, and that this ambiguity should be resolved in Appellant's favor. *Id.* at 17-18.

Appellant's arguments are without merit. The Agreement binds the parties to the findings of the independent accountant's report of all monies "owed by the plaintiffs to the defendants or [by] the defendants to the plaintiffs." Agreement, 4/3/13, at 1. This language is clear and unambiguous as to the parties' intent and is not "reasonably susceptible of different constructions." *Ins. Adjustment Bureau*, *supra* at 468. We adopt the trial

court's interpretation that "if the Report does not state that specific parties owe specific amounts to other specific parties, then nothing is owed." Tr. Ct. Op., 1/29/24 at 3. Since the Report does not indicate that the "defendants" owe any definite sum of money to the "plaintiffs," the Agreement does not impose on Appellees the obligation to pay Appellant. Accordingly, the trial court properly entered the order granting judgment in favor of Appellees. Appellant is, thus, not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/18/2024